IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CHRISTOPHER L. ENGLAND,**          3:13-cv-01417-BR

        **Plaintiff,**               OPINION AND ORDER

v.

**CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,**[1]

        **Defendant.**


**ALAN STUART GRAF**
Alan Stuart Graf P.C.
208 Pine St.
Floyd, VA 24091
(540) 745-2519

        Attorneys for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case.  No further action need be taken to continue this case by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**NANCY A. MISHALANIE**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3858

      Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Christopher L. England seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) dismissing his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  On March 7, 2014, the Commissioner filed a Motion (#13) to Dismiss for lack of jurisdiction.  On March 15, 2014, Plaintiff filed a Motion (#17) to Compel; Stay Proceedings; or Remand Case for Further Proceedings Below.

    For the reasons that follow, the Court **GRANTS** the Commissioner's Motion and **DISMISSES** this matter.  Plaintiff's Motion, therefore, is **MOOT**.

## PROCEDURAL BACKGROUND

    On May 2, 2011, Plaintiff filed an application for DIB (initial application), which the Administrative Law Judge (ALJ) denied initially on August 23, 2011.  Decl. Robert Weigel,

2 - OPINION AND ORDER

¶ 4(a), Ex. 1.  Plaintiff did not appeal the initial determination.  *Id.* at ¶ 4(a).

On February 3, 2013, Plaintiff filed another application for DIB (second application), which was denied initially and on reconsideration.  *Id.* at ¶ 4(b), Exs. 2(a), (b).  On March 12, 2013, the ALJ dismissed Plaintiff's request for a hearing with respect to the issue of Plaintiff's alleged disability on the basis of *res judicata*.  *Id.* at ¶ 4(b), Ex. 3.  The ALJ also considered Plaintiff's request to reopen his prior application, but the ALJ concluded good cause did not exist for doing so.  *Id.*  Pursuant to 20 C.F.R. § 404.984(d), the ALJ's decision became the final decision of the Commissioner on June 12, 2013, when the Appeals Council denied Plaintiff's request for review.  *Id.* at ¶ 4(b), Ex. 4.

On August 13, 2013, Plaintiff filed this action seeking judicial review of the Commissioner's "final agency decision" denying Plaintiff's request for review of the ALJ's denial of Plaintiff's application for benefits.  Plaintiff alleges he has exhausted his administrative remedies and that this Court has subject-matter jurisdiction over this action pursuant to 42 U.S.C. § 405(g).

As noted, on March 7, 2014, the Commissioner filed her Motion (#13) to Dismiss and on March 17, 2014, Plaintiff filed his Motion (#17) to to Compel; Stay Proceedings; or Remand Case

3 - OPINION AND ORDER

for Further Proceedings Below.

On April 21, 2014, Plaintiff filed a Reply (#22) to the Commissioner's Motion to Dismiss and to Plaintiff's Motion to Compel; Stay Proceedings; or Remand Case for Further Proceedings Below.[2]

## THE COMMISSIONER'S MOTION (#13) TO DISMISS

**I.    Standards**

"Federal courts are courts of limited jurisdiction." *Assoc. of Am. Med. Coll. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000)(citation omitted). Courts presume a case "lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. A motion to dismiss on jurisdictional grounds can be "either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual challenge "a court may look beyond

---

[2] To the extent that Plaintiff's Reply is responsive to the arguments raised in the Commissioner's Motion, the Court construes Plaintiff's Reply as a Surreply, which is not permitted without leave of Court and which Plaintiff did not seek. The Court, nevertheless, has considered Plaintiff's Reply in its entirety and, in any event, the Court concludes the Commissioner has not been prejudiced by the Court's consideration of Plaintiff's Reply in light of the fact that the Court dismisses this matter.

4 - OPINION AND ORDER

the complaint to matters of public record without having to convert the motion into one for summary judgment . . . . It also need not presume the truthfulness of the plaintiffs' allegations." *White*, 227 F.3d at 1242. Under either form of attack, "jurisdictional dismissals are warranted where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Safe Air*, 373 F.3d at 1039.

## II. Discussion

The Commissioner asserts the Court lacks jurisdiction over this matter because Plaintiff failed to exhaust his administrative appeal remedies with respect to his claim for benefits, and, accordingly, Plaintiff has not received a "final decision" of the Commissioner as required to obtain judicial review under 42 U.S.C. § 405(g).

### A. Plaintiff's Constitutional Challenge

Although Plaintiff did not allege a constitutional challenge in his Complaint, Plaintiff argues in response to the Commissioner's Motion that this Court has jurisdiction because the Commissioner has engaged in a continuous "pattern of denying Plaintiff his due process." Pl.'s Resp. at 1.

"A decision not to reopen a prior, final benefits decision is discretionary and ordinarily does not constitute a final

5 - OPINION AND ORDER

decision; therefore, it is not subject to judicial review." *Udd v. Massanari*, 245 F.3d 1096, 1098-99 (9th Cir. 2001)(citing *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977)). Accordingly, absent a colorable constitutional claim, a ruling denying a request to reopen a determination or decision is not subject to judicial review. *Sanders*, 430 U.S. at 107-09.

The exception set out in *Sanders* applies "to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997). "The mere allegation of a substantive due process violation[, however,] is not sufficient to raise a 'colorable' constitutional claim to provide subject matter jurisdiction." *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1992).

Plaintiff appears to contend that he has a colorable constitutional claim and, therefore, is entitled to review of the ALJ's denial of Plaintiff's request to reopen the Commissioner's denial of his initial application; *i.e.*, that he was denied due process because the ALJ did not follow SSA regulations to determine whether Plaintiff had good cause for not appealing the denial of his initial application. Plaintiff contends his failure to appeal was due to the fact that (1) he suffered from an alleged mental impairment of "lupus fog," (2) his appeal

paperwork was stolen shortly before his appeal was due, and (3) he was not represented by counsel at the time that his appeal was due.

Pursuant to 20 C.F.R. § 404.988(a)-(c), the Commissioner may reopen and revise an otherwise final and binding decision "[w]ithin 12 months of the date of the notice of the initial determination, for any reason[,] . . . [w]ithin four years of the date of the notice of the initial determination if [the Commissioner] find[s] good cause, as defined in § 404.989, to reopen the case[,] or . . . [a]t any time" under certain specified conditions. "[Social Security Regulation (SSR)] 91-5p provides that if a claimant presents evidence that mental incapacity prevented him from requesting timely review of an administrative action, and the claimant had no one legally responsible for prosecuting the claim on his behalf at the time of the prior adverse action, SSA 'will determine whether or not good cause exists for extending the time to request review.'" *Udd*, 245 F.3d at 1099 (quoting SSR 91-5p). The factors considered for determining whether good cause exists are (1) an inability to read or to write, (2) the lack of facility with the English language, (3) limited education, and (4) any mental or physical condition that limits the claimant's ability to do things for himself. SSR 91-5p.

Plaintiff argues the circumstances present here are similar

7 - OPINION AND ORDER

to those in *Udd*.  In that case the court found it had jurisdiction to consider the merits of the plaintiff's due-process claim because the plaintiff alleged he suffered from a mental impairment and was not represented by counsel at the time of the denial of benefits.  245 F.3d at 1100.  The court found the plaintiff had "presented *overwhelming* evidence from his medical records indicating that he lacked the mental capacity to understand the procedures for review."  *Id.* at 1100 (emphasis added).

    Here, unlike in *Udd*, Plaintiff did not provide any medical evidence that his alleged impairment of "lupus fog" prevented him from timely filing his appeal or from understanding or knowing about the need to do so.  The Court notes the ALJ considered all of Plaintiff's assertions as to why Plaintiff has "good cause" for reopening the prior determination.  The ALJ, nevertheless, concluded "the previous determination remains final and binding" on the grounds that "there is no evidence suggesting the claimant lacked the mental ability to timely appeal the prior determinations" and "none of the conditions for reopening set forth in 20 CFR 404.988 are present."  Weigel Decl., Ex. 3.  The Court agrees.

    On this record the Court finds the ALJ properly concluded good cause does not exist to reopen the prior determination, and, accordingly, the Court concludes Plaintiff does not allege a

8 - OPINION AND ORDER

colorable constitutional claim.

B.   **The ALJ's Dismissal Based on *Res Judicata***

"The Social Security Act limits judicial review of the Commissioner's decisions to 'any final decision . . . made after a hearing.'"  *Udd,* 245 F.3d at 1098 (citing 42 U.S.C. § 405(g)).

"If administrative *res judicata* has been applied in bar of a subsequent claim which, properly assessed, is not the same for *res judicata* purposes, jurisdiction to engage in judicial review exists.  In that situation the subsequent claim is necessarily, in legal contemplation, a different one whose merits have never been addressed administratively."  *McGowen v. Harris*, 666 F.2d 60, 65 (4th Cir. 1981).  Two claims are considered the same if they present the same parties, the same facts, and the same issues.  *See Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995).

Here the ALJ found Plaintiff's second application presented the same facts and the same issues as his first application. Weigel Decl., Ex. 3.  Plaintiff and the Commissioner were also the only parties to both claims.  Thus, the ALJ found the doctrine of *res judicata* applied, and, accordingly, the ALJ dismissed Plaintiff's request for a hearing.  Weigel Decl., Ex. 3.  The Court, therefore, concludes on this record that it does not have jurisdiction to review the ALJ's decision because the ALJ properly dismissed Plaintiff's application on *res judicata* grounds.  *See McGowen*, 666 F.2d at 65.

9 - OPINION AND ORDER

Because this Court has concluded Plaintiff has not alleged a colorable constitutional claim and that the ALJ properly dismissed Plaintiff's application on *res judicata* grounds, Plaintiff has not established he is entitled to judicial review of the Commissioner's decision under 42 U.S.C. § 405(g). Accordingly, the Court **GRANTS** the Commissioner's Motion to Dismiss for lack of jurisdiction.

### PLAINTIFF'S MOTION (#17) TO COMPEL; STAY PROCEEDINGS; OR REMAND CASE FOR FURTHER PROCEEDINGS BELOW

In his Motion to Compel; Stay Proceedings; or Remand case for Further Proceedings Below, Plaintiff requests this Court to "compel production of the entire [S]ocial [S]ecurity record, stay briefing until such record is produced, or in the alternative, direct the Commissioner to remand this case for further proceedings." Pl.'s Mot. at 1.

In light of the Court's dismissal of this matter for lack of jurisdiction, however, Plaintiff's Motion to Compel; Stay Proceedings; or Remand Case for Further Proceedings Below is **MOOT**.

### CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#13)

10- OPINION AND ORDER

to Dismiss and **DISMISSES** Plaintiff's Complaint (#1). Accordingly, Plaintiff's Motion (#17) to Compel; Stay Proceedings; or Remand Case for Further Proceedings Below is **MOOT**.

    IT IS SO ORDERED.

    DATED this 18th day of June, 2014.

                                 /s/ Anna J. Brown

                                 ANNA J. BROWN
                                 United States District Judge